PEOPLE *v.* PINGEL

CRIMINAL LAW—PROSECUTOR'S REMARK—PREJUDICE.
A prosecutor's allegedly prejudicial remark to the jury, did not
constitute reversible error where the remark was not made
with any apparent intent to prejudice, was minimally prej-
udicial, if prejudicial at all, and was cured by the court's
instruction to the jury to disregard the remark.

Appeal from Lapeer, Norman Baguley, J. Sub-
mitted Division 2 May 4, 1971, at Lansing. (Docket
No. 10618.) Decided May 27, 1971.

Gerald D. Pingel was convicted of felonious as-
sault and obstructing a police officer in the perform-
ance of his duty. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John P. Spires,*
Prosecuting Attorney, for the people.

*John L. Lengemann,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and
O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 505 *et seq.*

Per Curiam. Defendant was found guilty of felonious assault[1] and obstructing a police officer in the performance of his duty.[2] On appeal, defendant asserts that he was prejudiced by a remark made by the prosecutor in his closing argument and that the trial court improperly charged the jury.

A review of the record clearly indicates that the assignments of error are without merit. The remark by the prosecutor was not made with any apparent intent to prejudice, was minimally prejudicial, if prejudicial at all, and was cured by the trial court's instruction to the jury that they disregard the prosecutor's inadvertent statement. With regard to the alleged improper instruction, it will suffice to say that no objection was made at trial to the instruction as given, and the trial court judicially honored, word for word, the pertinent instruction found in 4 Gillespie, Michigan Criminal Law & Procedure (2d ed), Form 937, p 2366.

Affirmed.

[1] MCLA § 750.82 (Stat Ann 1962 Rev § 28.277).
[2] MCLA § 750.479 (Stat Ann 1954 Rev § 28.747).